ZEOLA CRAWFORD
2407 Tinesta Road, Apt. 3D
Baltimore, Maryland 21207,

          *Plaintiff,*

v.

STATE OF MARYLAND
80 Calvert Street
Annapolis, Maryland 21401,

    Serve On:
    Nancy Kopp, Treasurer
    Goldstein Treasury Building
    80 Calvert Street
    Annapolis, Maryland 21401

        *Defendant.*

and

MARYLAND TRANSIT ADMINISTRATION
6 Saint Paul Street
Baltimore, Maryland 21202,

    Serve On:
    Stacey Freedman
    6 Saint Paul Street, 12th Floor
    Baltimore, Maryland 21202,

        *Defendant,*

and

MARYLAND TRANSIT ADMINISTRATION
POLICE FORCE
1040 Park Avenue
Baltimore, Maryland 21201,

    Serve On:
    Colonel Michael Kundrat
    6 Saint Paul Street, 12th Floor
    Baltimore, Maryland 21202.

        *Defendant.*

\*    IN THE

\*    CIRCUIT COURT

\*    OF MARYLAND

\*    FOR BALTIMORE CITY

Case No.: 24 C-15-003402

*JURY TRIAL DEMANDED*

and                                              *

OFFICER T. SPRAGGINS, Police Officer,            *
in his/her individual and official capacity
Maryland Transit Administration Police Force     *
6 Saint Paul Street
Baltimore, Maryland 21202,                        *
                                                 *

                    *Defendant*,                 *

and                                              *

                                                 *

OFFICER RUSSELL, Police Officer,
in his/her individual and official capacity      *
Maryland Transit Administration Police Force
6 Saint Paul Street                              *
Baltimore, Maryland 21202,

                    *Defendant*,                 *

and                                              *

OFFICER A. RICHARDSON, Police Officer,           *
in his/her individual and official capacity
Maryland Transit Administration Police Force     *
6 Saint Paul Street
Baltimore, Maryland 21202,                        *
                                                 *

                    *Defendant*,                 *

and                                              *

                                                 *

CORPORAL RAWLINGS, Police Officer,
in his/her individual and official capacity      *
Maryland Transit Administration Police Force
6 Saint Paul Street                              *
Baltimore, Maryland 21202,

                    *Defendant.*                 *

*       *       *       *       *       *       *       *       *       *       *       *       *

2

## COMPLAINT AND JURY DEMAND

Plaintiff, Zeola Crawford , by and through her undersigned counsel, Charles H. Edwards IV and the Law Office of Barry R. Glazer, P.C., hereby sues the Defendants, State of Maryland, Maryland Transit Administration (*hereinafter*, the "MTA"), Maryland Transit Administration Police Force (*hereinafter*, the "Transit Police"), Officer T. Spraggins, Officer Campbell, Officer Russell, Officer A. Richardson, and Corporal Rawlings (*collectively*, the "Defendant Police Officers"), and hereby states as follows:

### Jurisdiction and Venue

1.      This Court has personal jurisdiction over Defendants under §6-103(b) of the Courts & Judicial Proceedings Article of the Annotated Code of Maryland for the following reasons:

a)      the Defendants transact business and perform work and services in the State of Maryland; and

b)      the Defendants caused tortious injuries to the Plaintiff by an act or omission in the State of Maryland.

2.      This Court is the appropriate venue for this proceeding pursuant to §§ 6-201(a) and 6-201(b) of the Courts & Judicial Proceedings Article of the Annotated Code of Maryland for the following reasons:

a)      the Defendants MTA, Transit Police, and Defendant Police Officers carry on a regular business and are employed in Baltimore City; and

b)      the remaining Defendant, State of Maryland, may be sued in the same Court that any one of the Defendants can be sued.

3.     On July 15, 2013, within one year of the events alleged herein, the Plaintiff sent to Nancy K. Kopp, State of Maryland Treasurer, by certified mail, return receipt requested, notification of the Plaintiff's claim under the Local Government Torts Act, codified at Md. Code Ann., State Gov't. §§ 12-101, *et seq.* (*hereinafter*, the "Maryland Tort Claims Act").[1]

## THE PARTIES

4.     At all times herein pertinent, the Plaintiff, Zeola Crawford (*hereinafter*, the "Plaintiff"), is and was an individual residing at 2407 Tinesta Road, Apt. 3D, Baltimore, Maryland 21207.

5.     At all times herein pertinent, the State of Maryland was and is the employer of the Defendants. Further, pursuant to the Maryland Tort Claims Act, the State of Maryland has waived its immunity that would otherwise insulate it from liability for the events underlying this Complaint.

6.     At all times herein pertinent, the MTA was and is an agency of the State of Maryland under Maryland Code Annotated, State Government, §12-101 and is subject to suit under 42 U.S.C. § 1983, and likewise, has waived any applicable immunity pursuant to the Maryland Tort Claims Act.

7.     At all times herein pertinent, the Transit Police was and is an agency of the State of Maryland under Maryland Code Annotated, State Government, §12-101 and is subject to suit under 42 U.S.C. § 1983, and likewise, has waived any applicable immunity pursuant to the Maryland Tort Claims Act.

8.     Upon information and belief, Defendant Officer T. Spraggins, is a resident of the State of Maryland and is currently, and was at all times pertinent to the claims raised herein, a

---

[1] *See* Letter dated July 15, 2013 addressed to Nancy K. Kopp, State of Maryland Treasurer, attached hereto as Exhibit 1 and incorporated herein by reference.

4

Transit Police officer acting within the course and scope of his/her employment with Defendants, State of Maryland and the Transit Police. This Defendant is being sued in his/her individual and official capacities.

9. Upon information and belief, Defendant Officer Campbell, is a resident of the State of Maryland and is currently, and was at all times pertinent to the claims raised herein, a Transit Police officer acting within the course and scope of his/her employment with Defendants, State of Maryland and the Transit Police. This Defendant is being sued in his/her individual and official capacities.

10. Upon information and belief, Defendant Officer Russell, was and is a resident of the State of Maryland and is currently, and was at all times pertinent to the claims raised herein, a Transit Police officer acting within the course and scope of his/her employment with Defendants, State of Maryland and the Transit Police. This Defendant is being sued in his/her individual and official capacities.

11. Upon information and belief, Defendant Officer A. Richardson, was and is a resident of the State of Maryland and is currently, and was at all time pertinent to the claims raised herein, a Transit Police officer acting within the course and scope of his/her employment with Defendants, State of Maryland and the Transit Police. This Defendant is being sued in his/her individual and official capacities.

12. Upon information and belief, Defendant Corporal Rawlings, was and is a resident of the State of Maryland and is currently, and was at all times pertinent to the claims raised herein, a Transit Police officer acting within the course and scope of his/her employment with Defendants, State of Maryland and the Transit Police. This Defendant is being sued in his/her individual and official capacities.

## STATEMENT OF FACTS

13.     On or about September 4, 2012, at approximately 11:22 p.m., after her shift at McCormick & Company, Inc., located at 11100 McCormick Road, Hunt Valley, Maryland 21031, the Plaintiff, Zeola Crawford, boarded the Maryland Transit Administration Light Rail located at 265 Schillings Circle, Hunt Valley, Maryland 21031 (*hereinafter*, the "Light Rail").

14.     The Plaintiff had purchased a monthly MTA pass at the beginning of September, 2012 (*hereinafter*, the "Pass"), and had presented the Pass to the Light Rail fare inspector upon entering the Light Rail on the evening of September 4, 2012.

15.     While on the Light Rail, the Plaintiff was approached by one of the Defendant Police Officers, believed to be Defendant Officer A. Richardson, and was again asked to present the Pass. The Plaintiff thereinafter complied with the Defendant Police Officer's request.

16.     The Plaintiff continued her travel on the Light Rail until she arrived at her stop at or about 751 West Patapsco Avenue, Halethorpe, Maryland 21227 (*hereinafter*, the "Patapsco Station"), where she exited onto the platform.

17.     Immediately after the Plaintiff exited the Light Rail, the Plaintiff was again approached by a different Defendant Police Officer, believed to be Defendant Officer Campbell, who again requested that the Plaintiff present the Pass.

18.     The Plaintiff responded to the Defendant Police Officer that she had already shown the Pass to another Defendant Police Officer, as well as to the fare inspector on the Light Rail, and that she felt nauseous and needed to sit down to take her medication for nausea and anxiety. At this time, the Plaintiff sat down on a bench located at the Patapsco Station due to the extreme symptoms of the nausea and anxiety she was experiencing.

19.     The same Defendant Police Officer again requested that the Plaintiff present the Pass. At this time the Plaintiff again stated that she was feeling nauseous and anxious, needed to take her medication, and that she would gladly present the Pass to the Defendant after she had taken her medication.

20.     Immediately thereafter, one of the Defendant Police Officers approached the Plaintiff, positioned their face in close proximity to the Plaintiff's face, and said, "you going to show me your f****** pass to me?"

21.     The Plaintiff informed the aforementioned Defendant, that had exhibited an explicit vernacular, that she had communicated to another Defendant Police Officer, believed to be Defendant Officer Campbell, that she felt sick and needed to take her medication, and that she would then gladly present the Pass.

22.     At this point, the Plaintiff had not been able to take her medication and her anxiety and nausea got the best of her as she leaned forward to vomit, and a Defendant Police Officer, believed to be Officer Spraggins, immediately grabbed the Plaintiff's arms and put them high above her back while slamming the Plaintiff down onto the sidewalk, forcing the Plaintiff's glasses to fly off her face. The same Defendant Police Officer also placed his knee on the Plaintiff's back with great force. Thereafter, all of the Defendant Police Officers collectively confined and applied mechanical restraints to the Plaintiff's limbs.

23.     The Defendant Police Officers then picked the Plaintiff up from the sidewalk, confiscated her belongings, including the Plaintiff's purse containing her medication, and placed her in their patty wagon to be transported to the Baltimore City Central Booking and Intake Center (*hereinafter*, "Central Booking").

24. One of the Defendant Police Officers inspected the Plaintiff's purse at Central Booking, where they found medication, which had specifically been prescribed by a physician to the Plaintiff to treat her anxiety and nausea.

25. Then, the same Defendant Police Officer began taunting and yelling at the Plaintiff while she was at Central Booking as she unsuccessfully fought to hold back tears, saying such things as, "you're a junkie," "you're a druggie," and "go ahead and cry, you junkie."

26. Throughout the entire occurrence described herein, the Plaintiff was experiencing extreme symptoms of nausea and an anxiety attack, which could have been treated if she had been allowed to take her medication.

27. Thereafter, the Plaintiff requested to be taken to a hospital due to the injuries she sustained at the hands of the Defendant Police Officers, and to treat the illness she was experiencing, but her request was denied. Additionally, the Plaintiff was not taken to or provided access to the Central Booking infirmary.

28. The Plaintiff was detained in Central Booking until 10:00 a.m. the following morning, September 5, 2012.

29. The Plaintiff received her confiscated belongings as she was released from Central Booking, but her purse did not contain her prescribed medication, and was also missing one hundred dollars ($100.00) she had in her purse at the time of the occurrence.

## CAUSES OF ACTION
### *Federal Claims*

### COUNT I
**Violation of Fourth and Fourteenth Amendment Rights**
**under 42 U.S.C. § 1983 – Excessive Use of Force**
*(Officer T. Spraggins, Officer Campbell, Officer Richardson, Officer Russell*
*and Corporal Rawlings)*
*In their individual and official capacities*

30.     Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraph Nos. 1-29.

31.     That the Count One Defendants are "persons" as that term is used in the text of 42 U.S.C. § 1983.

32.     That the Count One Defendants were acting under the color of law in their actions and omissions, which occurred at all times relevant to this action.

33.     That the Count One Defendants engaged in actions that deprived the Plaintiff of her constitutional right not to be subjected to the use of unreasonable and excessive force.

34.     That the amount of force used by the Count One Defendants was excessive and would be considered unreasonable by competent police officers presented with the exact same circumstances at the time the extreme force was used.

35.     That there was no crime at issue, no immediate threat to the safety of the Count One Defendants, or others, and the Plaintiff was not resisting arrest of or attempting to evade arrest by flight.

36.     As a direct and proximate result of the aforedescribed unlawful and malicious acts of the Count One Defendants, the Plaintiff was denied her constitutional rights, including, but not limited to, the right to be free from the unjustifiable use of excessive force and the right to be free from false arrest and false imprisonment, and was caused to suffer the additional physical

9

and pecuniary damages as described in the body of this Complaint, including violations of the Fourth and Fourteenth Amendments of the U.S. Constitution.

## COUNT II
**Violation of Fourth and Fourteenth Amendment**
**Rights under 42 U.S.C. § 1983 – False Arrest/False Imprisonment**
*(Officers T. Spraggins, Officer Campbell, Officer Russell, Officer A. Richardson*
*and Corporal Rawlings)*
*In their individual and official capacities*

37.     Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs Nos. 1-36.

38.     That the Count Two Defendants are "persons" as that term is used in the text of 42 U.S.C. § 1983.

39.     That the alleged basis for the Plaintiff's arrest and imprisonment was based on the Count Two Defendants' knowing, deliberate, and reckless disregard for the truth, wherein the Count Two Defendants made false statements and omissions that created falsehoods. Such statements were material and necessary to the finding of probable cause for the Plaintiff's arrest and incarceration. The above described false arrest and false imprisonment were made and continued under the color of state law and without a lawful basis. Further, the Count Two Defendants had no knowledge of any fact or circumstance, which would lead a reasonable person to believe that the Plaintiff had committed any offense, especially a police officer.

40.     That the Count Two Defendants conduct in arresting the Plaintiff deprived her of her liberty, without her consent, probable cause, legal justification, just cause, or any other legally valid reason. The Plaintiff was well aware and conscious of her confinement and the charges against the Plaintiff were eventually dropped.

41.     That based on the actions and inactions described in the body of this Complaint, the Count Two Defendants caused the Plaintiff to be falsely arrested and imprisoned, without

10

reasonable or probable cause, and without any right or authority to do so, and charged with failure to obey, which was later dropped. Further, the arrest was maliciously procured and instigated and caused the false imprisonment, unlawful restraint and detention of the Plaintiff, thereby depriving her of her freedom and movement.

42.     That the above-described false arrest and false imprisonment was an abuse of the privilege of detention, as the Count Two Defendants acted with actual malice in detaining the Plaintiff without the proper right or legal justification or excuse.

43.     As a direct and proximate result of the aforedescribed unlawful and malicious acts of the Count Two Defendants, the Plaintiff was denied her constitutional rights, including, but not limited to, the right to be free from the unjustifiable use of excessive force and the right to be free from false arrest and false imprisonment, and was caused to suffer the additional physical and pecuniary damages as described in the body of this Complaint, including violations of the Fourth and Fourteenth Amendments of the U.S. Constitution.

*State Claims*

**COUNT III**
**Violation of Rights Secured under Articles Twenty Four and**
**Twenty-Six of the Maryland Declaration of Rights**
*(Against all Defendants)*
*In their individual and official capacities*

44.     Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-43.

45.     That the Count Three Defendants, in the scope of their employment, did engage in activities that violated the Plaintiff's rights as protected under the Maryland Constitution.

46.     That the Count Three Defendants' acts and omissions including, but not limited to, the use of excessive force against the Plaintiff and the depravation of the Plaintiff's freedom

of movement, deprived her of her rights secured under the Maryland Declaration of Rights, including but not limited to:

(a)   freedom from the abuse of police power;
(b)   freedom from the unreasonable exercise of police power;
(c)   freedom from police use of excessive force;
(d)   freedom from deliberate indifference by police that knew of an disregarded the substantial risk of injury;
(e)   freedom from unjustified depravation of the freedom of movement; and
(f)   freedom from false arrest and/or false imprisonment.

47.     The Plaintiff has the right to be free from the unlawful seizure of her person and from the use of excessive and unnecessary physical force. These rights were denied when the Count Three Defendants used excessive and unnecessary physical force on the Plaintiff and falsely arrested and falsely imprisoned the Plaintiff, without legal cause, excuse or justification.

48.     By the actions detailed above including, but not limited to, the excessive use of force against the Plaintiff and the false arrest/false imprisonment of the Plaintiff, the Count Three Defendants deprived the Plaintiff of her constitutional rights under Article 24 and Article 26 of the Maryland Declaration of Rights.

49.     Because of the deprivation of her rights, the Plaintiff was subjected to unnecessary and unlawful contact by the Defendant Police Officers.

50.     The Count Three Defendants, at all times relevant hereto, acted under the color of law and in a manner that was not objectively reasonable.

51.     The Plaintiff further alleges that all of her injuries, losses, and damages – past, present, and prospective – were caused solely by the conduct, actions, and inactions of the Count Three Defendants, without any negligence, want of due care, or provocation on the part of the Plaintiff, either directly or indirectly.

52.     As a direct and proximate result of these acts, the Plaintiff suffered damages including, among others, the following: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; humiliation; indignities and severe embarrassment; degradation; and injury to her reputation.

## COUNT IV
### State of Maryland Claim of Assault and Battery
*(Against all Defendants)*
*In their individual and official capacities*

53.     Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-52.

54.     That the Count Four Defendants intentionally threatened to do bodily harm to the Plaintiff and possessed the apparent present ability to carry out their threats.

55.     That the Plaintiff was put in fear of actually bodily harm. This was the case where the Plaintiff suffered a direct assault and battery and the Plaintiff was put in fear of imminent actually bodily harm to herself.

56.     During the reckless and unlawful arrest of the Plaintiff, the Count Four Defendants committed intentional and unpermitted touchings of the Plaintiff with actual malice that were harmful and offensive to the Plaintiff, offending her reasonable sense of indignity.

57.     The Count Four Defendants acted maliciously, and with such recklessness as to demonstrate a conscious disregard for the Plaintiff's rights.

58.     The Plaintiff further alleges that all of her injuries, losses and damages – past, present, and prospective – were caused solely by the conduct, actions, and inactions of the Count Four Defendants, without any negligence, want of due care, or provocation on the part of the Plaintiff, either directly or indirectly.

13

**State of Maryland Claim of False Arrest and Imprisonment**
*(Against all Defendants)*
*In their individual and official capacities*

59.     Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-58.

60.     That the Count Five Defendants intentionally deprived the Plaintiff of her freedom of movement by unlawfully detaining and restraining her against her will and without her consent. The Plaintiff was deprived of her liberty without probable cause or legal justification.

61.     That the Count Five Defendants' conduct in arresting and confining the Plaintiff deprived her of her liberty without her consent, probable cause, legal justification, just cause, or any other legally valid reason. The Plaintiff was well aware and conscious of her confinement and the proceedings were terminated completely in the Plaintiff's favor.

62.     That the arrest was intentionally, maliciously and actively procured, and instigated and caused the false imprisonment, unlawful restraint and detention of the Plaintiff, thereby depriving her of her freedom of movement.

63.     The arrest was made without any legal reason or probable cause to believe that the Plaintiff had committed or engaged in any wrongful conduct or was in fact guilty of any criminal conduct.

64.     That the above-described arrest, detention and interrogation, and false imprisonment were made and continued without proper investigation, study, diligence, or basis.

65.     That the Count Five Defendants had no knowledge of any fact or circumstance which would lead a reasonable person to believe that the Plaintiff had committed any offense, especially a police officer.

14

66.     The Count Five Defendants rushed to the Plaintiff's judgment despite the fact that the Defendant Police Officers knew the Plaintiff was anxious and nauseous and needed to take her medication, and that she would present her MTA pass momentarily, that the Plaintiff had a monthly MTA pass in her possession, and had already presented the Pass for inspection to the Light Rail fare inspector and to one of the Defendant Police Officers.

67.     That the above-described false arrest and false imprisonment was an abuse of the privilege of detention, as the Count Five Defendants, acting within the scope of their employment, acted with actual malice in detaining the Plaintiff without the proper right or legal justification or excuse and with a motive influenced by ill will, hate, and with the purpose of willfully injuring the Plaintiff.

68.     The Count Five Defendants further failed to follow normal and accepted police practices and procedures in the false arrest and imprisonment of the Plaintiff.

69.     As a direct and proximate result of these acts, the Plaintiff suffered damages including, among others, the following: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; inadequate medical care; humiliation; indignities and severe embarrassment; restrictions of all forms of personal freedom.

## COUNT VI
### State of Maryland Claim of Negligence
*(Against all Defendants)*
*In their individual and official capacities*

70.    Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-69.

71.    That the Count Six Defendants, each of them, owed the Plaintiff a legal duty of care as a member of the public residing in the State of Maryland and later as an arrestee, including a duty to protect her from injury and harm and to monitor themselves and their subordinates, and to report suspected misconduct.

72.    The Count Six Defendants, acting within the scope of their employment, breached their duties and were negligent in their conduct during the course of their treatment of the Plaintiff and the charges levied against her. To-wit, their conduct fell below the acceptable standard of care and treatment rendered by reasonable police officers operating under the same or similar circumstances and their treatment of the Plaintiff caused her severe and permanent injuries as alleged more specifically in the body of this Complaint.

73.    The Plaintiff further alleges that all of her injuries, losses and damages – past, present and prospective – were caused solely by the conduct, actions and inactions of the Count Six Defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff, either directly or indirectly.

74.    As a direct and proximate result of these acts, the Plaintiff suffered damages including, among others, the following: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; inadequate medical care; humiliation; indignities and severe embarrassment; restrictions of all forms of personal freedom.

16

## COUNT VII
### Gross Negligence
*(Against all Defendants)*
*In their individual and official capacities*

75.    Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-74.

76.    That the Count Seven Defendants had a duty to employ reasonable measures in the treatment of the Plaintiff.

77.    That the Count Seven Defendants' actions toward the Plaintiff were undertaken in the scope of their employment, under the color and pretense of law, and under the color of statutes, customs, and usages of their employer, and with malice and/or gross negligence, deliberate indifference, and an utter disregard for the Plaintiff's rights arising under federal and State of Maryland law.

78.    The Plaintiff further alleges that all of her injuries, losses, damages – past, present and prospective – were caused solely by the conduct, actions, and inactions of the Count Seven Defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff directly or indirectly.

79.    As a direct and proximate result of these acts, the Plaintiff suffered damages including among others, the following: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; humiliation; indignities and severe embarrassment; degradation; and injury to her reputation.

COUNT VIII

**State of Maryland Claim of Intentional Infliction of Emotional Distress**
*(Against all Defendants)*
*In their individual and official capacities*

80.     Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-79.

81.     That the Count Eight Defendants conduct was in the scope of their employment and intentional, reckless, extremely outrageous, and caused severe emotional distress to the Plaintiff.

82.     Despite the Plaintiff's charges being dropped voluntarily, she will always be haunted by the Count Eight Defendants' conduct, which will continue to have a detrimental effect on her as she will forever remember the events alleged more specifically in the body of this Complaint.

83.     As a result of the Count Eight Defendants intentional and outrageous conduct that was undertaken with willfulness and actual malice, and with the intent of inflicting injury upon the Plaintiff with reckless indifference to her rights and the rights of others, the Plaintiff has suffered and continues to suffer from severe emotional and mental conditions generally recognized and diagnosed by traditional professionals.

84.     That as the direct and foreseeable consequence of the Count Eight Defendants' acts and omissions, which were the proximate and cause of the Plaintiff's severe emotional distress, the Plaintiff has suffered and continues to suffer disabling emotional, mental, and physical harm.

85.     That the Count Eight Defendants actions and conduct as set forth more fully in the body of this Complaint, were extreme and outrageous and directly and proximately caused

severe emotional distress to Plaintiff, and thereby constituted intentional infliction of emotional distress.

86.     As a direct and proximate result of these acts, the Plaintiff suffered damages, including, among others, the following: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; humiliation; indignities and severe embarrassment; degradation; and injury to her reputation.

**COUNT IX**
**State Claim of Negligent Hiring, Training, Supervision, Discipline, and Retention**
*(State of Maryland, Maryland Transit Administration*
*and Maryland Transit Administration Police Force)*

87.     Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1-86.

88.     That at all times relevant to this Complaint, there was an employment relationship between the Defendant Police Officers and the State of Maryland, the MTA and the Transit Police. The breaches of the duty alleged herein were in the scope of the Count Nine Defendants' employment and the employment of their subordinates.

89.     The Count Nine Defendants had a duty to the public to use due and reasonable care in selecting and retaining only fit, competent, and careful employees and to refrain from retaining the services of unfit employees. The Count Nine Defendants knew or should have known by the exercise of diligence and reasonable care that the employees at issue were incompetent and capable of inflicting harm of some type. The employees at issue were potentially dangerous and posed an unreasonable threat to the members of the public as would foreseeably come in contact with them.

90.     At the time of the events alleged in the body of this Complaint, each of the County Nine Defendants had a duty to the public, including the Plaintiff, to exercise due care in

the hiring, training, supervision, discipline, and retention of the employees at issue, including the employees named in this Complaint.

91. That the Count Nine Defendants had actual and/or constructive knowledge of the incompetence of the employees at issue and they were unfit for the jobs which they were hired and posed an unreasonable risk to members of the public who would foreseeably come in contact with them. Further, those employees at issue with supervisory positions were additionally unfit for any supervisory position.

92. The Count Nine Defendants breached their duty of care owed by, including, but not limited to, willfully, wantonly, and recklessly failing to exercise their duties, responsibility, failing to exercise proper care and diligence in hiring, retaining, supervising, disciplining, and training, and as stated above, they also knew or should have known in the absence of neglect that the employees at issue posed a probable and/or foreseeable and unreasonable risk of harm and injury to the public and the Plaintiff.

93. The Plaintiff further alleges that all of her injuries, losses, damages – past, present and prospective – were caused solely by the conduct, actions, and inactions of the Count Nine Defendants, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff directly or indirectly.

94. As a direct and proximate result of these acts, the Plaintiff suffered damages including, among others, the following: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; humiliation; indignities and severe embarrassment; degradation; and injury to her reputation.

## CLAIMS, DAMAGES AND JURY DAMAGES

95.     The actions of the Defendants deprived the Plaintiff of her civil rights under Maryland and federal law, including Articles 24 and 26 of the Maryland Declaration of Rights and the Fourth and Fourteenth Amendments of the United States Constitution, respectively.

96.     The unlawful and reckless acts of the Defendants constituted violations of the Plaintiff's rights under the Maryland Declaration of Rights and under the Maryland statutory and common law, including any innominate tort theory encompassed by the facts pleaded herein.

97.     The unlawful and reckless actions of the Defendants caused the Plaintiff severe emotional distress, humiliation, and embarrassment, pain and suffering and other damages, including, without limitation, damages for lost wages, for which she is entitled monetary relief.

98.     All acts committed by the Defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, and/or recklessly and said acts meet all of the standards for imposition of punitive damages.

99.     As a result of these acts, the Plaintiff suffered damages including, among others, the following: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; inadequate medical care; humiliation; indignities and severe embarrassment; degradation, injury to reputation; permanent loss of natural psychological development; and restrictions of all forms of personal freedom.

**WHEREFORE**, the Plaintiff prays as follows:

That the Court award compensatory damages to the Plaintiff and against the Defendants, jointly and/or severally, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) and for punitive damages in an amount that will deter such conduct by the Defendants and employees of the State of Maryland, Maryland Transit Administration and the

Maryland Transit Administration Police in the future, with the exact amount to be determined at trial, with interest, costs and attorneys fees, and such other relief as this Court deems just and proper.

Respectfully submitted,

LAW OFFICE OF BARRY R. GLAZER, P.C.

By: _____

Charles H. Edwards IV
P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230
Phone: (410) 547-8568
Fax: (410) 547-0036
*Counsel for Plaintiff Zeola Crawford*

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all relevant issues and causes of action asserted in the foregoing Complaint.

_____

Charles H. Edwards IV