# LAW OFFICE OF
# BARRY R. GLAZER, P.C.

ATTORNEY AT LAW
P.O. BOX 27166
1010 LIGHT STREET
BALTIMORE, MARYLAND  21230
www.barryglazer.com

Telephone: 410-547-8568                                                                  Facsimile: 410-547-0036

Barry R. Glazer                                                                              Charles H. Edwards IV
Roman I. Choma                                                                           Justin R. Metheny *
Peter J. Kochanski                                                                       * *Licensed To Practice In PA/NJ*
                                                                                                     *Not MD*


September 8, 2016


Honorable J. Frederick Motz
Baltimore Division
101 West Lombard Street
Baltimore, Maryland 21201


Re:    Case:              *Zeola Crawford v. State of Maryland, et al.*
          Case No.:       JFM-15-cv-679 (State Court Case No. 24-C-15-000462)


Your Honor:

  In the defendants' response to the plaintiff's request for clarification of this Court's June 17, 2016, Order, they have agreed that "the relief sought in the Motions to Dismiss was as to the officers in their official capacities only." Resp., pg. 1. The defendants also claim that they brought what they believed was an error in the Order to the plaintiff's attention. *Id.* However, the plaintiff, like Your Honor's law clerk, Paige Burroughs, did not believe that there was an error in the Order and read the Order as dismissing the MTA police Officers in their official capacities only. See *Vogel v. Turner,* 2012 U.S. Dist. LEXIS 156612 (citing *DeLano v. Berglund*, 183 F.3d 780, 781-82 (8th Cir. 1999); *Headley v. Bacon*, 828 F.2d 1272 (8th Cir. 1987) ("[T]he government is the real party at interest in an official capacity claim, and thus the individual capacity claim…will not involve the same parties as the official capacity claim…").

  Moreover, if the defendants believed that they had an ethical duty to alert the plaintiff that they believed that there was an error in the Order, certainly they would have a duty to alert the Court that was as great if not greater. Put differently, the defendants believed that there was an error in the Order that was material enough that they had a duty to inform the plaintiff, but they did not want to alert the Court because they were more than happy to try and profit from what they believed was an error. These are constitutional claims here. If there was a duty of candor to the plaintiff, there had to be a duty of candor to the Court - even more so because these are constitutional claims.

The fact that the case has proceeded and the defendants did not choose to do any discovery or file any dispositive motions was at best a tactical decision made by the defendants and their counsel. There is no dispute that the defendants were not to be dismissed in their individual capacities and, as explained above, the Order did not dismiss the defendants in their individual capacities, *inter alia,* because official capacity claims are not against the same party as individual claims. As well, the defendants do not seem to argue that they are still parties to the case, but rather that they should be given additional time to do what they could have done all along. They made a strategic decision that had the foreseeable consequence that they would not be able to turn back the clock and pretend as though they had not been hiding in the weeds.

Accordingly, there should be no dispute about whether the MTA police officers are still defendants in their individual capacities and the defendants should not be permitted to be issued a scheduling order that is unique to them after discovery has closed and dispositive motions have been filed. The plaintiff has asserted that she has sustained constitutional injuries and it would be severely prejudicial to her if she were now required to submit to further discovery and the filing of additional dispositive motions. This is especially true in light of the fact that the defendants' counsel has already subjected the plaintiff to extensive discovery, including a deposition. Justice delayed is justice denied, which is precisely what the defendants are proposing on the plaintiff's constitutional claims by essentially asking this Court to issue a new scheduling order. As well, this Court would be delayed in its adjudication of the pending motion for summary judgment because discovery would likewise have to be reopened to the plaintiff to conduct any further discovery that she may wish to conduct.

Thank you for your attention to this matter and if you have any questions, please feel free to contact me.

Cordially,

*Charles H. Edwards IV*

Charles H. Edwards IV